83,787-03

# IN THE COURT OF CRIMINAL APPEALS FOR THE STATE OF TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS

NOV 17 2015

Abel Acosta, Clerk

NO. 1445929
1445930
1446657
1468823

In re,
Overille Denton Thompson,
Relator/Plaintiff,
V.
Susan Brown,
Respondent/Defendant.

This document contains some
pages that are of poor quality
at the time of imaging.

## OVERILLE DENTON THOMPSON'S APPLICATION FOR WRIT OF HABEAS CORPUS

## IDENTITY OF PARTIES

1. Overille Denton Thompson, Jr./Relater and Plaintiff/1200 Baker/Houston, Texas 77002.

2. Susan Brown/Respondent and Defendant/Honorable Judge of the 185th Judicial District Court of Harris County, Texas/Harris County Criminal Law Justice Center/1201 Franklin, 17th floor/Houston, Texas 77002.

# TABLE OF CONTENTS

1. Index of Authorities ............................ Pages 1-2

2. Statement of the Case ......................... Page 3

3. Statement of Jurisdiction .................... Page 4
   Issues Presented

4. Statement of Facts ............................. Pages 5-6

5. Argument ........................................ Pages 7-9

6. Prayer ........................................... Page 10

7. Verification .................................... Page 11

8. Appendix ........................................ Pages 12-17

9. Certificate of Compliance ................... Page 18

10. Certificate of Service ...................... Page 19

# INDEX OF AUTHORITIES

1. Article I, Section 3 of the Texas Constitution     Pages 7, 12

2. Article I, Section 3a of the Texas Constitution     Pages 7, 12

3. Article I, Section 8 of the Texas Constitution     Pages 7, 12

4. Article I, Section 10 of the Texas Constitution     Pages 7, 12

5. Article I, Section 12 of the Texas Constitution     Pages 7, 12

6. Article I, Section 13 of the Texas Constitution     Pages 7, 12

7. Article I, Section 19 of the Texas Constitution     Pages 7, 12

8. Article 5, Section 5 of the Texas Constitution     Pages 7, 12

9. Article 5, Section 8 of the Texas Constitution     Pages 7, 12

10. Article 11.01 of the Texas Code of Criminal Procedure     Pages 7, 13

11. Article 11.05 of the Texas Code of Criminal Procedure     Pages 7, 9, 13

12. Article 11.10 of the Texas Code of Criminal Procedure     Pages 7, 13

13. Article 11.11 of the Texas Code of Criminal Procedure     Pages 7, 13

14. Article 11.15 of the Texas Code of Criminal Procedure     Pages 7, 8, 13

15. Article 11.35 of the Texas Code of Criminal Procedure     Pages 4, 7, 13

16. Article 11.60 of the Texas Code of Criminal Procedure     Pages 4, 7, 13

17. Click v. State (Cr. App. 1931) 118 Tex Crim. 404, 39 S.W. 2d 39     Pages 8, 13

18. Edward v. State, 10 S.W. 3d 699 (1999)     Pages 8, 14

19. Eighth Amendment of the United States Constitution     Pages 7, 14

20. Ex parte Ramzy (Sup. 1968) 424 S.W. 220     Pages 8, 14

21. Ex parte Shoels (App. 4 Dist. 1982) 643 S.W. 2d 761     Pages 8, 14

22. Ex parte Werne (App. 6 Dist. 2003) 118 S.W. 3d 833     Pages 9, 14

23. Fifth Amendment of the United States Constitution     Pages 7, 14

24. First Amendment of the United States Constitution      Pages   7, 14

25. Fourteenth Amendment of the United States Constitution      Pages   7, 14

26. Harbison v. McMurray (Sup. 1942) 138 Tex. 192,      Pages   8, 14

     158 S.W. 2d 284

27. In re Piper (App. 10 Dist. 2003) 105 S.W. 3d 107      Pages   9, 14

28. McGee v. State (Tex. Crim. App. 1986) 711 S.W. 2d 257      Pages   8, 15

29. Sixth Amendment of the United States Constitution      Pages   7, 15

The Relator, Overille Denton Thompson is charged by indictment with the offenses of : 1) possession of a controlled substance - penalty group 1, 2) possession of a controlled substance - penalty group 2, 3) felon in possession of firearm, and 4) murder. The Relator contends that his incarceration is illegal and has filed an original application for writ of habeas corpus for each of the cases in the 185th Judicial District Court of Harris County, Texas, over which the Respondent, Susan Brown, currently presides. The Respondent refuses to execute the writs as lawfully prescribed in that the orders for each application have been left void.

In Case Nos. 14-15-00903-CR, 14-15-00905-CR, 14-15-00906-CR, and 14-15-00907-CR, the Relator attempted unsuccessfully to bring the above matter before the Fourteenth Court of Appeals on October 26, 2015. Presiding was Chief Justice Frost, who was joined in the decision by Justices Christopher and Donovan. The opinion under Tex. R. App. P. 47.2 (b) was ordered "Do Not Publish" and it was as follows :

As an intermediate court, the Fourteenth Court of Appeals lacks original habeas corpus jurisdiction, and in accordance with Texas law, the only courts authorized to issue such writ is the Texas Court of Criminal Appeals, the district courts, and the county courts.

Therefore, the petition was ordered dismissed for lack of the court's jurisdiction on November 3, 2015.

## STATEMENT OF JURISDICTION

Under the Texas Constitution and Chapter 11 of the Texas Code of Criminal Procedure, the Court of Criminal Appeals has the power to exercise its jurisdiction by and through the issuance of this Writ of Habeas Corpus.

## ISSUES PRESENTED

Relator, Overille Denton Thompson, as the "Plaintiff", files this Application for Writ of Habeas Corpus pursuant to Articles 11.35 and 11.60 of the Texas Code of Criminal Procedure that holds in contempt of court the Respondent, Susan Brown, as the "Defendant," and moves the Court to fine the Defendant for such in this civil action at the suit of the Plaintiff, and in support thereof would show as follows:

## STATEMENT OF FACTS

1. Plaintiff, Overille Denton Thompson has been in custody since October 22, 2014 for three old pending cases charged in Cause Numbers 1445929, 1445930, and 1446657, styled State of Texas v. Overille Thompson. The documents pertinent to this cause are as listed:

   a. Petition for Writ of Habeas Corpus for Bond Reduction served individually for each case once on 5/29/2015 and again on 7/1/2015.

   b. Application for Writ of Habeas Corpus served on 8/20/2015.

2. Plaintiff has been in custody since May 19, 2015 for a relatively new case charged in Cause No. 1468823, styled State of Texas v. Overille Thompson. The documents pertinent to this cause are as listed:

   a. Petition for Writ of Habeas Corpus for Bond Reduction served on 7/1/2015.

   b. Application for Writ of Habeas Corpus served on 9/1/2015.

3. Defendant, Susan Brown, has clear full knowledge of improper procedure, exculpatory evidence, and constitutional error, by and through the Plaintiff's properly filed applications and petitions for writ of habeas corpus that the Plaintiff's restraint in these cases is both oppressive and unlawful yet the Defendant continues to disobey writ, which violates the Plaintiff's rights to be heard and to not be deprived

Page 5 of 19

of liberty without due process of law.

4. The Plaintiff has incorporated in the Appendix an affidavit to effect exhibits of the documents in question because the Plaintiff no longer has access to such due his confinement, however evidence of those submissions can be obtained by accessing the website of Chris Daniel, Harris County District Clerk and the court record of the 185th Judicial District Court of Harris County, Texas; in addition, other evidence of those submissions was mailed to the Court of Criminal Appeals and the State Commission on Judicial Conduct.

5. On August 31, 2015 in open court, transcripts will indicate that the Defendant, using circuitous language and action, did receive the Plaintiff's August 20, 2015 applications for writ of habeas corpus in that:

a. The Defendant made reference to the applications as being but mere motions, in which the Plaintiff complains that his ineffective counsel, Tommy LaFon, was conspiring with State prosecutor(s) by purposefully inhibiting the Plaintiff's rights to due process of law, to be heard, etc.

b. The Defendant stated that she was not removing Tommy LaFon because of anything the Plaintiff wrote, which is in fact a false statement that implies that, the Defendant's action to remove counsel would have been unaffected had there been no underlying cause given.

The above admission by the Defendant, indeed, represents her intentional departure from guiding principles of law, of which a judge truly has no freedom and/or discretion to ignore.

## ARGUMENT

1. In the absence of the issuance of this Writ of Habeas Corpus, Plaintiff, Overille Denton Thompson, has no other adequate remedy at law in that:

   a. Defendant Susan Brown's refusal to obey writ violates guiding principles of law by denying the Plaintiff his right to be heard and his right to not be deprived of liberty without due process of law pursuant to Article 5, Section 8 and Article I, Sections 3, 3a, 8, 10, 12, 13, and 19 of the Texas Constitution, the First, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution, and Articles 11.01, 11.05, 11.10, 11.11, and 11.15 of the Texas Code of Criminal Procedure.

   b. The Defendant is in contempt of court for disobeying writ and cannot be held liable for such but through this civil action at the suit of the Plaintiff, in which the Defendant shall be fined fifty dollars a day for each day of illegal detention after the service date of the writ pursuant to Articles 11.60 and 11.35 of the Texas Code of Criminal Procedure.

2. The Court of Criminal Appeals can exercise its jurisdiction to hear this matter on the earliest possible day and grant the Plaintiff the relief sought pursuant to Article 5, Section 5 and Article I, Sections 3, 3a, 8, 10, 12 and 19 of the Texas Constitution, the First, Fifth, and Fourteenth Amendments of the United States Constitution, and Articles 11.01, 11.05, 11.10, 11.11, and 11.15 of the Texas Code of Criminal Procedure.

3. The Plaintiff has a right to liberation by a speedy adjudication of that which has him illegally detained analysis adopted in *Ex parte Ramzy* (Sup 1968) 424 S.W. 220.

4. This Application for Writ of Habeas Corpus is a civil remedy and jurisdiction of such is given the appellate court, regardless of whether prisoner is detained under civil or criminal process analysis adopted in *Harbison v. McMurray* (Sup. 1942) 138 Tex. 192, 158 S.W. 2d 284.

5. A judge has no discretion to ignore statutory requirements. See *Edward v. State*, 10 S.W. 3d 699 (1999); Writ of habeas corpus cannot be denied, where granting of it is made imperative duty by statute. See *Click v. State* (Cr. App. 1931) 118 Tex. Crim. 404, 39 S.W. 2d 39; and "trial court was bound to comply with the mandatory language of the statute. See *McGee v. State* (Tex. Crim. App. 1986) 711 S.W. 2d 257.

The Defendant has clearly abused her discretion by disobeying the writ of habeas corpus which is of right and can never be suspended as lawfully prescribed.

6. In support of Article 11.15 of the Texas Code of Criminal Procedure, the appellate court's opinion was that the statute "does not mandate the trial court immediately rule on habeas corpus petition, but rather, it requires the court to issue the writ without delay once the petition is received by the court. See *Ex parte Shoels* (App. 4 Dist. 1982) 643 S.W. 2d 761.

7. The district court judge had a mandatory duty to issue the writ of habeas corpus to challenge excessive bail upon the defendant's preconviction petition, of which was to be served on the sheriff or county responsible for the illegal detention, where petition was substantially in compliance, and writ was of

right under Constitution. See In re Piper (App. 10 Dist. 2003) 105 S.W. 3d 107.

The Defendant failed to meet her constitutional and statutory obligation which was to issue the writ of habeas corpus upon receiving the Plaintiff's proper motion for such as prescribed in Article 11.05 of the Texas Code of Criminal Procedure.

8. The trial court failed to act in a timely and appropriate manner as prescribed by lawful statute thus depriving the defendant of liberty without due process of law in that the court waited over 120 days to hear the defendant's first application for writ of habeas corpus. See Ex parte Werne (App. 6 Dist. 2003) 118 S.W. 3d 833.

For the three old cases, it has been over 160 days since the Plaintiff's first petitions for writ of habeas corpus, and for the new case it has been over 135 days.

## PRAYER

WHEREFORE, premises considered, and for the reasons stated above, to be developed at a hearing upon this Application for Writ of Habeas Corpus, Plaintiff, Overille Denton Thompson, humbly requests that the Court honors the statutory laws of the State of Texas and the right to due process provisions of the United States and Texas Constitutions by finding the Defendant, Susan Brown, in contempt of court for disobeying writ, thereby ordering the Defendant to make payable to the Plaintiff fifty dollars for every day of his illegal restraint which should be measured starting from the day of service of each first petition; also may the Court in good faith justly accord the Plaintiff any other relief to which he may be entitled.

Respectfully Submitted,

_Overille Denton Thompson, Jr._
Relator and Plaintiff

## VERIFICATION

STATE OF TEXAS

COUNTY OF HARRIS

Overille Denton Thompson, being duly sworn, under oath says:

"I am the applicant in this and know the contents of the above Application for Writ of Habeas Corpus, and, according to my belief, the facts stated in the Application are true."

L JAMES
Notary Public
STATE OF TEXAS
Commission Exp. OCT. 29, 2017

_____
Applicant

SUBSCRIBED AND SWORN TO BEFORE ME THIS __10__ DAY OF __November__, 2015.

_____
Signature of Notary Public

# APPENDIX

1. Article I, Section 3. EQUAL RIGHTS. All free men, when they form a social compact, have equal rights, and no man, or set of men, is entitled to exclusive separate public emoluments, or privileges, but in consideration of public services.

2. Article I, Section 3a of the Texas Constitution. EQUALITY UNDER THE LAW. Equality under the law shall not be denied or abridged because of sex, race, color, creed, or national origin. This amendment is self-operative.

3. Article I, Section 8 of the Texas Constitution. FREEDOM OF SPEECH... Every person shall be at liberty to speak, write or publish his opinions on any subject, being responsible for the abuse of that privilege; and no law shall ever be passed curtailing the liberty of speech...

4. Article I, Section 10 of the Texas Constitution. RIGHTS OF ACCUSED IN CRIMINAL PROSECUTIONS. In all criminal prosecutions the accused shall have a speedy public trial by an impartial jury. He shall have the right to demand the nature and cause of the accusation against him, and to have a copy thereof. He shall not be compelled to give evidence against himself, and shall have the right of being heard by himself or counsel, or both,....

5. Article I, Section 12 of the Texas Constitution. HABEAS CORPUS. The writ of habeas corpus is a writ of right, and shall never be suspended. The legislature shall enact laws to render the remedy speedy and effectual.

6. Article I, Section 13 of the Texas Constitution. EXCESSIVE BAIL OR FINES; CRUEL AND UNUSUAL PUNISHMENT; REMEDY BY DUE COURSE OF LAW. Excessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishment inflicted. All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law.

7. Article I, Section 19 of the Texas Constitution. DEPRIVATION OF LIFE, LIBERTY, ETC.; DUE COURSE OF LAW. No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land.

8. Article 5, Section 5 of the Texas Constitution. JURISDICTION OF COURT OF CRIMINAL APPEALS;... (C) Subject to such regulations as may be prescribed by law, the Court of Criminal Appeals and the Judges thereof shall have the power to issue the writ of habeas corpus.... The court shall have the power upon affidavit or otherwise to ascertain such matters of fact may be necessary to the exercise of its jurisdiction.

9. Article 5, Section 8 of the Texas Constitution. JURISDICTION OF DISTRICT COURT. District Court judges shall have the power

to issue writs necessary to enforce their jurisdiction.

10. Article 11.01 of the Texas Code of Criminal Procedure. WHAT WRIT IS. The writ of habeas corpus is the remedy to be used when any person is restrained in his liberty. It is an order issued by a court or judge of competent jurisdiction, directed to any one having a person in his custody, or under his restraint, commanding him to produce such person, at a time and place named in the writ, and show why he is held in custody or under restraint.

11. Article 11.05 of the Texas Code of Criminal Procedure. BY WHOM WRIT MAY BE GRANTED. The Court of Criminal Appeals, the District Courts, the County Courts, or any Judge of said Courts, have power to issue the writ of habeas corpus; and it is their duty, upon proper motion, to grant the writ under the rules prescribed by law.

12. Article 11.10 of the Texas Code of Criminal Procedure. PROCEEDING UNDER THE WRIT. When motion has been made to a judge under the circumstances set forth in the two preceding Articles, he shall appoint a time when he will examine the cause of the applicant, and issue the writ returnable at that time, in the county where the offense is charged in the indictment or information to have been committed. He shall also specify some place in the county where he will hear the motion.

13. Article 11.11 of the Texas Code of Criminal Procedure. EARLY HEARING. The time so appointed shall be the earliest day which the judge can devote to hearing the cause of the applicant.

14. Article 11.15 of the Texas Code of Criminal Procedure. WRIT GRANTED WITHOUT DELAY. The writ of habeas corpus shall be granted without delay by the judge or court receiving the petition, unless it be manifest from petition itself, or documents annexed to it, that the party is entitled to no relief whatever.

15. Article 11.35 of the Texas Code of Criminal Procedure. FURTHER PENALTY FOR DISOBEYING WRIT. Any person disobeying the writ of habeas corpus shall also be liable to a civil action at the suit of the party detained, and shall pay in such suit fifty dollars for each day of illegal detention and restraint, after service of the writ. It shall be deemed that a person has disobeyed the writ who detains a prisoner a longer time than three days after service thereof, unless where further time is allowed in the writ for making the return thereto.

16. Article 11.60 of the Texas Code of Criminal Procedure. REFUSING TO EXECUTE WRIT. Any officer to whom a writ of habeas corpus, or other writ, warrant or process authorized by this Chapter shall be directed, delivered or tendered, who refuses to execute the same according to his directions, or who wantonly delays the service or execution of the same, shall be liable to fine as for contempt of court.

17. Click v. State (Cr.App.1931) 118 Tex.Crim. 404, 39 S.W.2d 39. Writ of habeas corpus cannot be denied, where granting of it

is made imperative duty by statute.

18. Edward v. State, 10 S.W.3d 699 (1999). A judge has no discretion to ignore statutory requirements.

19. Eighth Amendment of the United States Constitution. Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.

20. Ex parte Ramzy (Sup. 1968) 424 S.W. 220. Purpose of writ of habeas corpus is to obtain a speedy adjudication of a person's right to liberation from illegal restraint.

21. Ex parte Shoels (App. 4 Dist. 1982) 643 S.W.2d 761. This article providing that writ of habeas corpus shall be granted without delay by court receiving the petition, unless it be manifest from petition itself, or documents annexed to it, that the party is entitled to no relief whatever, does not mandate that trial court immediately rule on habeas corpus petition, but rather, it requires the court to issue the writ without delay once the petition is received by the court.

22. Ex parte Werne (App. 6 Dist. 2003) 118 S.W.3d 833. Trial court violated defendant's due process on his first application for a writ of habeas corpus, which he made after failing to be released from jail due an outstanding Missippi warrant; trial court by waiting over 120 days to hear application, failed to act in a timely and appropriate manner in accordance with statutory requirements, and thus, deprived defendant of liberty without due process of law.

23. Fifth Amendment of the United States Constitution. No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, ... nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; ...

24. First Amendment of the United States Constitution. Congress shall make no law ... abridging the freedom of speech, or.

25. Fourteenth Amendment of the United States Constitution. All persons born or naturalized in the United States and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

26. Harbison v. McMurray (Sup. 1942) 138 Tex. 192; 158 S.W.2d 284. It is rule of federal courts and of those states which do not divide jurisdiction of their appellate courts as to civil and criminal cases, that a habeas corpus proceeding is a civil remedy, as distinguished from a criminal remedy or criminal proceeding, regardless of whether prisoner under civil or criminal process.

27. In re Piper (App. 10 Dist. 2003) 105 S.W.3d 107. District court judge had mandatory duty to issue writ of habeas corpus, upon defendant's preconviction petition for writ, to let writ be served upon sheriff or county in which defendant's

complaint that his bail was excessive, where petition substantially complied with requirements for such petitions, and writ was one of right under Constitution.

28. _McGee v. State_ (Tex. Crim. App. 1986) 711 S.W. 2d 257 (held that the trial court was bound to comply with the mandatory language of the statute.)

29. Sixth Amendment of the United States Constitution. In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

<u>AFFIDAVIT OF OVERILLE DENTON THOMPSON IN</u>
<u>SUPPORT OF APPLICATION FOR WRIT OF HABEAS CORPUS</u>

STATE OF TEXAS
COUNTY OF HARRIS

1. I, Overille Denton Thompson, first being duly sworn depose and say, that I am the Relator and Plaintiff in the above action, and I have filed in the 185th Judicial District Court of Harris County, Texas the following documents for:

A. The three old pending cases charged in Cause Numbers 1445929, 1445930, and 1446657:

    (i) Petition for Writ of Habeas Corpus for Bond Reduction served individually for each case once on 5/29/2015 and again on 7/1/2015.

    (ii) Application for Writ of Habeas Corpus served on 8/20/2015.

B. The relatively new case charged in Cause Number 1468823:

    (i) Petition for Writ of Habeas Corpus served on 7/1/2015.

    (ii) Application for Writ of Habeas Corpus served on 9/1/2015.

2. Obtaining copies of the above documents to present as exhibits to the Court will be a hardship for the Relator due his confinement, so to effect such, the Relator has incorporated in the Appendix this affidavit.

_Orville D. Thompson, Jr._
Name of Affiant

SUBSCRIBED AND SWORN TO BEFORE ME THIS 10 DAY OF November 2015.

L JAMES
Notary Public
STATE OF TEXAS
Commission Exp. OCT. 19, 2017

Signature of Notary Public

NO. 1445929
1445930
1446657
1468823

In re,
Overille Denton Thompson,
Relator and Plaintiff,
V.
Susan Brown,
Respondent and Defendant.


## CERTIFICATE OF COMPLIANCE


Relator, Overille Denton Thompson, submits this his Certificate of Compliance in the above-captioned causes, having served an application for writ of habeas corpus on the Court of Criminal Appeals in Austin, Texas, and hereby certifies that the number of words in the Application is 1550 .

NO. 1445929
1445930
1446657
1468823

In re,
Overille Denton Thompson,
Relator and Plaintiff,
V.
Susan Brown,
Respondent and Defendant.

## CERTIFICATE OF SERVICE

I, Overille Denton Thompson, certify that on November 10, 2015 , a true and correct copy of the preceding Application for Writ of Habeas Corpus has been served on the Court of Criminal Appeals in Austin, Texas by U.S. Mail.

Overille Denton Thompson Jr.
Overille Denton Thompson, Jr.